IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRES MATA <br> (TDCJ No. 1297972), | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § <br> § | No. 3:15-cv-199-D-BN |
| WILLIAM STEPHENS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, | § <br> § <br> § <br> § <br> § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that Respondent's motion to dismiss [Dkt. No. 14], as supplemented [Dkt. No. 20], be denied.

**Applicable Background**

On May 14, 2015, Respondent moved to dismiss Petitioner Andres Mata's 28 U.S.C. § 2254 application for a writ of habeas corpus because, Respondent argues, Petitioner initiated this action after the limitations period prescribed in 28 U.S.C. § 2244(d)(1) expired. *See* Dkt. No. 14. On May 15, 2015, after examining the motion, the undersigned ordered Respondent to supplement it with additional information no later

than June 8, 2015. *See* Dkt. No. 18. On May 27, 2015, the Court docketed Petitioner's response in opposition to the motion. *See* Dkt. No. 19. And on May 20, 2015, Respondent filed a supplemental motion to dismiss. *See* Dkt. No. 20.

Here, the applicable limitations period began to run on October 6, 2008, when the United States Supreme Court denied Petitioner certiorari review. *See Mata v. Texas*, 555 U.S. 845 (2008). Petitioner filed his first state habeas application on or about March 23, 2009. He requested voluntary withdrawal of that application on or about December 27, 2013, which the trial court granted on January 28, 2014.

But the Texas Court of Criminal Appeals ("TCCA") did not dismiss Petitioner's first state habeas application until July 23, 2014, *see Ex parte Mata*, WR-81,5107-01 (Tex. Crim. App. July 23, 2014) – the same date on which it also dismissed his second state habeas application, *see Ex parte Mata*, WR-81,5107-02 (Tex. Crim. App. July 23, 2014). A third state habeas application was filed on or about September 17, 2014 and was denied on March 25, 2015, *see Ex parte Mata*, WR-81,5107-03 (Tex. Crim. App. Mar. 25, 2015) – after Petitioner filed the federal habeas application on January 14, 2015, *see* Dkt. No. 3 at 20.

Respondent argues that, "[w]hile [Petitioner's] first application for state writ of habeas corpus was filed March 23, 2009, before the limitations period expired, it is of no consequence because he moved to voluntarily dismiss it and the application was dismissed on his motion on July 23, 2014." *Id.* at 5-6. Thus, Respondent contends that – because Petitioner's second and third state habeas application was not filed until well after October 6, 2009, the date Section 2244(d)(1)'s limitations period expired

-2-

absent tolling – Petitioner's federal habeas application is barred by limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to

equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original)).

## Analysis

Respondent relies on two decisions of the United States Court of Appeals for the Fifth Circuit – *Williams v. United States*, 553 F.2d 420 (5th Cir. 1977), and *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985) – for the premise that "where [an] appeal is dismissed on a party's own motion, he is treated as if he had never filed the appeal" to

support a conclusion that the voluntary dismissal of the properly filed first state habeas application erases the tolling benefit that Petitioner received under Section 2244(d)(2) while that application was pending. Dkt. No. 14 at 6. Respondent candidly admits, however, that there is authority against this argument. *See id.*

That persuasive authority – set out below – is well reasoned and should be followed by this Court.

In *Sneed v. Director, TDCJ-CID*, No. 4:10cv261, 2011 WL 3439460 (E.D. Tex. July 14, 2011), *rec. adopted*, 2011 WL 3439932 (E.D. Tex. Aug. 5, 2011), United States District Judge Michael H. Schneider adopted the following analysis and recommendation by now-United States District Judge Amos L. Mazzant, III:

> The Director argued that the first application should not toll the deadline in light of *Ford v. Sharp*, 758 F.2d 1018 (5th Cir.1985). He noted that *Ford* stands for the proposition that if an action is voluntarily dismissed by a party then it is treated as though the suit had never been filed. *Id.* at 1023–24. The Fifth Circuit recently rejected that sort of reasoning in *Mark v. Thaler*, 646 F.3d 191, 193-94 (5th Cir. 2011). The *Ford* argument has also been rejected by both the Southern and Northern Districts of Texas. *Carter v. Quarterman*, No. H–06–229, 2007 WL 998845 (S.D. Tex. Mar. 30, 2007); *Brown v. Quarterman*, No. 3:06cv1821, 2007 WL 949800 (N.D. Tex. Mar. 28, 2007). In *Carter*, the Southern District found that *Ford* was a general civil case, while a voluntary dismissal in a state habeas corpus proceeding is governed by Texas criminal procedural rules and that the Director had not shown any authority for the proposition that the voluntary dismissal of a state habeas application without prejudice places the petitioner in the same position that he would have been if the application had never been filed. *Id.* at *5. Instead, the governing statute, § 2244(d)(2), provides that the deadline is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Petitioner's first application was properly filed, and the

>pendency of the first application tolled the deadline. The Director's argument that the petition is time-barred lacks merit.

*Id.* at *3 (some internal citations modified); *see also Brown*, 2007 WL 949800, at *2 n.1 (rejecting the argument "that the AEDPA limitations period should be calculated 'as if the notice of appeal was never filed'" because "a direct appeal does not 'toll' the AEDPA statute of limitations. Rather, the limitations period in a section 2254 action does not commence until 'the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A). Where a habeas petitioner timely appeals his conviction but later dismisses the appeal, nearly every federal court to address the issue has held that the judgment becomes final for limitations purposes on the date the appeal is dismissed." (collecting cases)); *but see generally Mark*, 646 F.3d 191 (concluding that, because Texas law allows a petitioner 30 days to file a petition for discretionary review after he voluntarily dismisses his direct appeal, the limitations period begins to run 30 days after the appeal is dismissed).

Thus, at least in the context of Section 2254, a direct appeal or properly filed state habeas application that a petitioner later voluntarily dismisses is not ignored but is, instead, of consequence to determine whether a later-filed federal habeas application is timely. And, because Respondent does not argue that Petitioner's first state habeas application was not properly filed, it operated to toll the deadline to seek federal habeas relief.

Further, through the supplemental motion to dismiss, filed in response to the

order entered May 15, 2015 [Dkt. No. 18], Respondent concedes that, "[i]f the Court adopts the *Sneed* approach ... , [Petitioner's] federal petition is timely" because only the TCCA – not a trial court – may "'dismiss, deny, or grant an application filed under Article 11.07'" of the Texas Code of Criminal Procedure. Dkt. No. 20 at 2-3 (quoting *Ex parte Luna*, Nos. WR-67,880-01, WR-67,880-02, 2010 WL 4816301, at *1 (Tex. Crim. App. Nov. 24, 2010)). Thus, consistent with *Sneed*, Petitioner's first state habeas application remained pending until July 23, 2014, when it was dismissed by the TCCA, and the AEDPA's one-year limitations period was tolled from on or about March 23, 2009 to July 23, 2014.

This extended tolling period is what makes the federal habeas application, not filed until January 14, 2015, timely – because the days that elapsed from the date that the Supreme Court denied certiorari review (on October 6, 2008) to when Petitioner's first state habeas application was filed (on or about March 23, 2009), combined with the days that elapsed from the date the TCCA denied Petitioner's first state habeas application (on July 23, 2014) until Petitioner deposited his federal habeas application into the prison mail system (on January 14, 2015), number less than 365 days.

**Recommendation**

The motion to dismiss [Dkt. No. 14], as supplemented [Dkt. No. 20], should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 1, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE